IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § § § § § | Chapter 11 |
| TEXAS SOLAR INTEGRATED, LLC, | | Bankruptcy Case No. 24-52297 MMP |
| Debtor. | | |

| | | |
|---|---|---|
| TEXAS SOLAR INTEGRATED, LLC, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Adversary No. 25- |
| WESCO DISTRIBUTION, INC. | | |
| Defendant. | | |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER PROPERTY PURSUANT TO 11 U.S.C. § 550 AND TO PRESERVE AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 551.**

Plaintiff TEXAS SOLAR INTEGRATED, LLC (the "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendant WESCO DISTRIBUTION, INC. (the "Defendant") to avoid a preferential transfer pursuant to 11 U.S.C. § 547 and to recover the avoided transfer or its value pursuant to 11 U.S.C. § 550 and to preserve the avoided transfer pursuant to 11 U.S.C. § 551. In support thereof, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is brought pursuant to Federal Rule of Bankruptcy Procedure 7001(1).

**PARTIES**

4. Plaintiff is the debtor-in-possession in the above-captioned Chapter 11 case.

5. Upon information and belief, Defendant is a Delaware corporation with its principal place of business at 225 West Station Square Drive, Suite 700, Pittsburgh, PA 15219.

6. Defendant is a creditor of the Debtor and has filed a proof of claim in Plaintiff's bankruptcy case.

7. Defendant can be served with process through its registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808.

**BACKGROUND**

8. On November 14, 2024 (the "Petition Date"), the Debtor commenced the above captioned case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").

9. The Debtor continues in the possession of its property and is operating and managing its businesses as debtor and debtor-in-possession pursuant to Section 1108 of the Bankruptcy Code.

10. No request for a trustee or examiner has been made. No statutory committee of creditors has been appointed.

11. On or about November 15, 2017, the Debtor submitted an Application for Business Credit to Defendant (the "Credit Application"). A true and correct copy of the Credit Application is attached hereto as Exhibit A. The Credit Application includes a provision granting a security interest in certain collateral (the "Security Interest").

12. Subsequent to the submission of the Credit Application, the Debtor ordered goods from Defendant. According to Defendant's proof of claim ("Claim") filed in this bankruptcy case [ECF Claim #16-1}, the Debtor owes Defendant for invoices from May 3, 2024, through October 2, 2024, totaling $4,684,047.

13. Defendant did not perfect the Security Interest until on or about October 7, 2024, when Defendant filed a UCC-1 financing statement (the "UCC-1 Filing") with the Secretary of State of Texas. A copy of the UCC-1 Financing Statement is attached hereto as Exhibit B.

14. The perfection of the Security Interest via the UCC-1 Filing occurred more than 30 days after the Security Interest took effect between the Debtor and Defendant and attached to the collateral. Pursuant to 11 U.S.C. § 547(e)(2)(B), the transfer of the Security Interest (the "Transfer") is deemed to have been made at the time of the UCC-1 Filing.

15. The UCC-1 Filing occurred within 90 days before the Petition Date.

**COUNT I: AVOIDANCE OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547.**

16. Plaintiff incorporates by reference the allegations in paragraphs 1 through 15 as if fully set forth herein.

17. The Transfer constitutes a transfer of an interest of the Debtor in property within the meaning of 11 U.S.C. § 547(b).

18. The Transfer was to or for the benefit of the Defendant, a creditor of the Debtor, within the meaning of 11 U.S.C. § 547(b)(1).

19. The Transfer was made for or on account of the Antecedent Debt owed by the Debtor to the Defendant before the Transfer was made, within the meaning of 11 U.S.C. § 547(b)(2).

20. The Transfer was made while the Debtor was insolvent, within the meaning of 11 U.S.C. § 547(b)(3). Pursuant to 11 U.S.C. § 547(f), the Debtor is presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date.

21. The Transfer was made on or within 90 days before the Petition Date, within the meaning of 11 U.S.C. § 547(b)(4)(A).

22. The Transfer enabled the Defendant to receive more than it would receive if: (a) this case were a case under Chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made; and (c) the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code, within the meaning of 11 U.S.C. § 547(b)(5).

23. There are no applicable defenses under 11 U.S.C. § 547(c) that prevent avoidance of the Transfer.

24. Pursuant to 11 U.S.C. § 547(b), Plaintiff is entitled to avoid the Transfer.

**COUNT II: RECOVERY OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 550.**

25. Plaintiff incorporates by reference the allegations in paragraphs 1 through 24 as if fully set forth herein.

26. Defendant was the initial transferee of the Transfer, the immediate or mediate transferee of such initial transferee, or the entity for whose benefit the Transfer was made, within the meaning of 11 U.S.C. § 550(a).

27. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the Transfer or the value thereof, plus prejudgment and post judgment interest thereon at the applicable rate, and the costs of this action.

**COUNT III: DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d).**

28. Plaintiff incorporates by reference the allegations in paragraphs 1 through 27 as if fully set forth herein.

29. Defendant has filed a proof of claim asserting secured status in this case.

30. Pursuant to 11 U.S.C. § 502(d), any claim of Defendant against the Debtor's estate must be disallowed unless and until Defendant pays to Plaintiff the value of the avoided Transfer, plus interest and costs.

31. The Debtor objects to any and all claims of the Defendant including, without limitation, all pre-petition and post-petition claims under § 502(d) of the Bankruptcy Code.

32. Accordingly, the Debtor is entitled to judgment against the Defendant disallowing all claims of Defendant unless and until Defendant returns all amount due to the Debtor's estate, and any other separately filed objections to such claims are resolved as provided by § 502(d) of the Bankruptcy Code.

**COUNT IV: PRESERVATION OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 551.**

33. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 as if fully set forth herein.

34. Upon avoidance of the Transfer pursuant to 11 U.S.C. § 547, the Transfer is automatically preserved for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 551.

35. Pursuant to 11 U.S.C. § 551, the avoided Transfer, including the perfected Security Interest in the collateral, is preserved for the benefit of the estate as of the Petition Date, and any lien that is avoided or void is subordinated to the rights of the Plaintiff in such property.

36. Plaintiff is entitled to a judgment declaring that the avoided Transfer is preserved for the benefit of the estate under 11 U.S.C. § 551.

**COUNT V: AVOIDANCE OF LIENS UNDER 11 U.S.C. § 506(d).**

37. The Debtor incorporates paragraphs 1-37 as if fully realleged here.

38. Defendant asserts a security interest in all of the Debtor's personal property pursuant to the 2017 Security Agreement and 2024 UCC Financing Statement to secure Defendant's Claim.

39. To the extent that Defendant's lien secures a claim against the Debtor that is not an allowed secured claim, such lien is void.

40. Accordingly, the Debtor is entitled to judgment against Defendant voiding their security interest in the Debtor's property pursuant to section 506(d) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

41. The Debtor reserves the right to bring any and all other causes of action it may maintain against the Defendant including, without limitation, causes of action arising out of the same transactions set forth in this Complaint, and to the extent discovery is necessary in this action or further investigation by the Debtor reveals such other causes of action.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

(a) Avoiding the Transfer pursuant to 11 U.S.C. § 547(b);

(b) Recovering the Transfer or the value thereof pursuant to 11 U.S.C. § 550(a), in an amount to be determined at trial, plus prejudgment and post judgment interest;

(c) Disallowing any claims of Defendant pursuant to 11 U.S.C. § 502(d) until full repayment;

(d) Declaring that the avoided Transfer is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551;

(e) Declaring any liens of the Defendant against the Debtor's property to be void;

(f) Awarding costs and such other and further relief as the Court deems just and proper; and

(g) Any other further relief the Court deems appropriate under the circumstances.

Respectfully submitted this September 3, 2025.

>THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
>66 Granburg Circle
>San Antonio, Texas 78218
>Telephone (210) 601-9405
>Email: rbattaglialaw@outlook.com
>
>By: */s/ Raymond W. Battaglia*
>   Raymond W. Battaglia
>   Texas Bar No. 01918055
>
>**ATTORNEYS FOR TEXAS SOLAR INTEGRATED, LLC**